**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MOLON MOTORS AND COIL CORP.,

        Plaintiff,

        v.

MISHCON DE REYA, LLP; JOHN
PETRSORIC; and MARK RASKIN,

        Defendants.

No. 20 C 4475

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Defendants move to dismiss this legal malpractice case because the relevant retainer agreement requires disputes governed by the agreement to be brought in New York. R. 9. The U.S. Supreme Court has explained that motions to enforce a forum selection clause that permits transfer to a state court are properly made, not under 28 U.S.C. § 1404, but pursuant to "the residual doctrine of *forum non conveniens* [which] has continuing application in federal courts." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 61 (2013).

The relevant retainer agreement provides:

> This Retention Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York without regard to any choice of law principles. The Client expressly agrees to *in personam* jurisdiction in New York with respect to any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Retention Agreement or arising out of or relating to this Firm's representation of the Client. The Client further expressly agrees that Federal and State Courts in New York shall have non-exclusive jurisdiction over any prejudgment

> remedies, including but not limited to attachments, garnishment, receiverships and preliminary injunctions in aid of any arbitration between the parties.

R. 9-1 at 12 (¶ 18) (emphasis in original).

Plaintiff argues that this provision does not set forth an exclusive forum selection because it does not use the word "exclusive," and the last sentence provides that "Courts in New York shall have non-exclusive jurisdiction." The last sentence, however, applies specifically to "prejudgment remedies." By contrast, the prior sentence regarding "any dispute or controversy . . . arising out of or relating to this Firm's representation of the Client" is much broader. That sentence provides that "the Client expressly agrees to *in personam* jurisdiction in New York."

Furthermore, in *Boss v. American Express Financial Advisors*, the New York Court of Appeals held that a similar contractual provision established an exclusive forum for disputes under the agreement. 844 N.E.2d 1142, 1143 (N.Y. 2006). The forum selection in that case provided, "You agree to the jurisdiction of [the] State of Minnesota courts for determining any controversy in connection with this Agreement." *Id.* The Court agrees with Defendants that this provision is materially similar to the provision at issue in this case, because both provide that the signing party "agrees" that a particular state is the jurisdiction for any claim arising under the agreement. New York law governs the retainer agreement. So, having found that the provision in this case is substantially the same as the provision in the *Boss* case, this Court must follow the New York Court of Appeals in finding that under this

2

provision New York is the exclusive jurisdiction for disputes arising under the retainer agreement.

In addition to malpractice, Plaintiff brings claims for fraud, gross negligence, unconscionability, and breach of fiduciary duty. Plaintiff argues that the retainer agreement does not apply to such claims because it does not specifically mention them. *See* R. 12 at 8. But the forum selection clause applies to any claims that "arise out of" the representation. There is no question that all the claims stated in the complaint arise out of the representation. Plaintiff does not dispute or address this fact. Therefore, the retainer agreement's forum selection clause makes all the claims in this case subject to the exclusive jurisdiction of New York.

Lastly, Plaintiff argues that public interest factors require denying the motion to dismiss. However, "those factors will rarely defeat" a motion based on a forum selection clause, and the "forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 571 U.S. at 64. The only public-interest factor cited by Plaintiff is that Illinois courts should decide claims for legal malpractice that occur in Illinois. Plaintiff, however, cites no authority for this argument. Additionally, New York has just as much interest in this case since Defendants are New York attorneys. In any case, malpractice is not an uncommon claim or unusual circumstance. So, in light of the Supreme Court's instruction that a forum selection clause should control in all but "unusual circumstances," the Court will not disregard the forum selection clause simply because this is a malpractice claim.

## Conclusion

Therefore, Defendants' motion to dismiss for forum non conveniens [9] is granted. The case is dismissed without prejudice.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: September 24, 2020

4